| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:<br><br>INSPIRION, INC.,<br><br>                                 Debtor.<br>-------------------------------------------------------------X<br>SKY MATERIALS CORP., individually, and as representatives of all trust beneficiaries similarly situated,<br><br>                               Plaintiff(s),<br>– against –<br><br>INSPIRON, INC., AK 511 VENTURES, LLC, ALAN GERSHKOVICH, KENNETH HART,<br>and "John Doe One" through "John Doe Ten,"<br>and other Lien Holders unknown,<br><br>                               Defendant(s).<br>-------------------------------------------------------------X | Hearing Date: TBD<br>Hearing Time: 10:00 a.m.<br><br><br><br>Chapter 11<br>Case No. 19-23534 (rdd)<br><br><br><br><br><br><br>Adv. Pro. No. 19-08285 (rdd) |

**DEBTOR'S MOTION SEEKING AUTHORITY TO ENTER INTO A
SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019**

TO:    THE HONORABLE ROBERT D. DRAIN,s
         UNITED STATES BANKRUPTCY JUDGE:

      Inspiron, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above captioned chapter 11 case, by and through its counsel, Kirby Aisner & Curley LLP, as and for its motion (the "Motion") for an order, pursuant to Fed. R. Bankr. P. 9019, approving a settlement agreement (the "Agreement") by and between the Debtor, Sky Materials, Inc., ("Sky") AK 511 Ventures, LLC ("AK 511"), and Alen Gershkovich ("Gershkovich", and together with the Debtor and AK 511, the "Defendants") providing for the settlement and discontinuance of the above referenced adversary proceeding, respectfully sets forth as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On August 26, 2019, the Debtor filed for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is in possession of its assets and management of its affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

4. In April 2017, Sky commenced the instant adversary proceeding (the "Action") in the Supreme Court of the State of New York, County of New York, Index No. 652047/2017. The Complaint alleges Sky entered into one or more contracts with the Debtor and AK 511 as owner representatives or general contractors, that Sky performed work under the contract(s), and that funds are due from the Debtor to Sky in the amount of $1,899,969.25. A copy of the Complaint is annexed as **Exhibit A.**

5. The Defendants interposed an answer denying the allegations in the Complaint and asserting a counterclaim for breach of contract (the "Counterclaim"). The Counterclaim alleges the Debtor and AK 511 entered into two contracts with Sky pursuant to which Sky was obligated to provide labor, material and construction services, and that Sky failed to perform its obligations by failing and/or refusing to complete the work required under the contracts resulting in damages in an amount to be determined, but estimated at approximately $500,000. A copy of the Answer and Counterclaim is annexed as **Exhibit B.**

6. On August 26, 2019, the Debtor removed the Action to the U. S. District Court,

Southern District of New York.  On August 27, 2019, the Action was referred to this Court.

## THE SETTLEMENT AGREEMENT

7. The Debtor, through its special construction litigation counsel, and Sky, through its counsel, have memorialized a settlement of the Action (the "Settlement Agreement").  A copy of the proposed Settlement Agreement is annexed as **Exhibit C**.

8. The Settlement Agreement provides that AK 511 and Gershkovich, not the Debtor, will pay Sky (the "Settlement Payment") One Hundred Forty Thousand Dollars ($140,000.00) within five days after entry of an order of this Court approving the Settlement Agreement.   The Settlement Payment is in full satisfaction of all claims Sky may have against the Debtor, AK 511 and Gershkovich, including the claim for $1,899,969.25 as alleged in the Complaint.  The Counterclaim is deemed satisfied.  Upon payment, the parties will file a stipulation of discontinuance of the Action with prejudice.

9. The parties intend that the Settlement Agreement will remain in effect regardless of whether the Debtor's Chapter 11 case is confirmed, dismissed or converted.

## REQUEST FOR APPROVAL OF THE SETTLEMENT
## AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019

10. The Debtor submits that approval of the Settlement Agreement is in the best interests of the Debtor and its creditors and should be approved.

11. Bankruptcy Rule 9019(a) permits this Court to approve a compromise or settlement.  The Rule provides:

> *Compromise.*  On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

3

12. Neither Rule 9019 nor any section of the Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. However, the standards for approval of settlements in bankruptcy cases are well established in the case law, focusing upon whether the proposed settlement is reasonable and in the best interests of creditors. *See* Protective Committee v. Anderson, 390 U.S. 414 (1968), *reh'g denied,* 391 U.S. 909 (1968).

13. In deciding whether a proposed compromise is fair and equitable, reasonable and in the best interests of creditors, courts in the Second Circuit follows the analysis first articulated by the Supreme Court in Anderson, as developed and applied by the case law. Thus, courts assess a proposed settlement based upon a consideration of some or all of the following factors:

(i) the relative benefits to be received by creditors under the proposed settlement;

(ii) the likelihood of success in the litigation compared to the present and future benefits offered by the proposed settlement;

(iii) the prospect of complex and protracted litigation if settlement is not approved;

(iv) the attendant expense, inconvenience and delay of litigation;

(v) the probable difficulties of collecting on any judgment that might be obtained;

(vi) the competency and experience of counsel who support the proposed settlement;

(vii) the extent to which the settlement is the product of arm's-length bargaining, and not the product of fraud or collusion;

(viii) the nature and breadth of any releases to be issued as a result of the proposed settlement; and

(ix) the paramount interest of the creditors and proper deference to their reasonable views.

*See* City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974); In re Ionosphere Clubs, Inc., 156 B.R. 414, 427 (S.D.N.Y. 1993); In re Purofied Down Products Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993); In re Intl' Distribution Centers, Inc., 103 B.R 420, 422 (S.D.N.Y. 1989); In re Fugazy, 150 B.R. 103,106 (Bankr. S.D.N.Y. 1993); In re Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 506 (Bankr. S.D.N.Y. 1991); In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 287 (Bankr. S.D.N.Y. 1990); In re Texaco, Inc., 84 B.R.893, 901 (Bankr. S.D.N.Y. 1988).

14. In evaluating the propriety of a settlement in concert with the foregoing factors, the court need not conduct a trial on the merits to actually resolve the extant factual and legal issues, but must simply consider whether against the background of those issues, the settlement is reasonable. Newman v. Stein, 464 F. 2d 689, 692 (2d Cir. 1972), *cert. denied sub nom.* Benson v. Newman, 409 U.S. 1039 (1972). *See also,* Intl' Distribution, 103 B.R. at 423; Drexel Burnham, 134 B.R. at 496. In so doing, the court may consider the settlement in the context of its familiarity with the history of the case, the complexity of the claims alleged, the parties, and the context in which the claims and the settlement arose. *See* Purofied Down Products, 150 B.R. at 519, 524; Intl' Distribution Centers, 103 B.R. at 423.

15. The settlement evaluation process is not designed to substitute the court's judgment for that of a trustee. Carla Leather, 44 B.R. at 465. While the Court is not expected to "rubber stamp" a proposed settlement, the Court should give considerable weight to the informed judgment of the Debtors that the compromise is fair and equitable and the support of the Committee to the settlement, *See* Ionosphere, 156 B.R. at 426; Intl' Distribution Centers, 103 B.R. at 423; Drexel, 134 B.R. at 496; Carla Leather, 44 B.R. at 472. As articulated by the district court in Intl' Distribution Centers, the Court should give weight to the support not only of the debtors' counsel, but to counsel of other parties to a settlement in determining the wisdom of the

5

compromise. Intl' Distribution Centers, 103 B.R. at 423. The Court should consider the Trustee's opinion and independently evaluate the arguments for and against the settlement to determine whether it should be approved. Purofied Down Products, 150 B.R. at 523.

16. The Debtor submits that approval of the Settlement Agreement is in the best interests of the Debtor and its creditors because it represents a good faith and arms-length negotiated settlement of claims. AK 511 and Gershkovich, not the Debtor, will pay all amounts due to the Funds under the Settlement Agreement.

17. Additionally, the inevitable costs to the Debtor of proceeding to trial in a complex construction litigation and the risk that the Debtor might sustain a judgment against it in the amount of $1.8 million dollars are significant.

18. Further, both parties recognize that there is an anticipated high cost and uncertainty of litigation, let alone the costs for negotiations. If the Debtor were to proceed to trial, the outcome is not guaranteed and the expense to the estate would be costly.

19. Importantly, the current Settlement Agreement is intended to remain in effect regardless of whether the Debtor's Chapter 11 case is confirmed, dismissed or converted.

## CONCLUSION

20. In light of the foregoing, the Debtor respectfully submits that the terms embodied in the Settlement Agreement fall well above "the lowest point in the range of reasonableness" and is in the best interests of the estate at large and should therefore be approved. Accordingly, the Debtor requests the entry of an order approving the Settlement Agreement.

21. No previous application for the relief herein requested has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the Order annexed as **Exhibit D**, authorizing the Debtor to enter into the Settlement Agreement, together with such other and further relief as is just and proper under the circumstances.

Dated: Scarsdale, New York
October 29, 2019

Respectfully submitted,

KIRBY AISNER & CURLEY LLP
Attorneys for the Debtor
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By:/s/ *Dawn Kirby*
Dawn Kirby